### State *v.* W. H. Davis.

The Act of 1858, making it the duty of the District Judges to empannel the Grand Jury on the *first day* of the term, is merely *directory*, and if any sufficient obstacle exists to prevent the empannelling on the first day, it may be done on a subsequent day.

Slaves are regarded, in our law, both as property and persons, and the 9th section of the Act of 1855, relative to crimes and offences, which punishes an assault upon a person by "willfully shooting at him," &c., applies to an assault upon a slave, as well as a free person.

APPEAL from the District Court of the Parish of Morehouse, *Richardson, J.* *F. P. Stubbs,* for State, appellant. *Newton & Hall* and *McGuire & Ray,* for defendant.

COLE, J. `The defendant was indicted by the grand jury of the parish of Morehouse, for having feloniously made an assault upon a slave, by willfully shooting at him with a shot-gun, loaded "with gunpowder and divers leaden shot."

The motion to quash the indictment, was sustained, and the State has appealed.

The grounds urged by the appellee for quashing the indictment, will be considered in their order.

1. It is not a valid objection that the Grand Jurors, who found the indictment, were not empannelled upon the *first* day of the term of court.

The Act of 1858, declares that it shall be the duty of the District Judges of the several District Courts, (the First and Second Judicial District Courts excepted,) on the first day of each jury term in their respective districts, to select from the forty eight jurors summoned, a juror, who shall be and act as the foreman of the Grand Jury; that immediately thereafter, it shall be the duty of the Sheriff to place in a box, prepared for that purpose, the ballots upon which are written the names of the remaining forty-seven jurors, and proceed to draw said ballots therefrom, in open court, and to call the same as they are drawn, and the first fifteen jurors who shall answer to their names when called, shall, with said foreman, constitute the Grand Jury.

This Act is an amendment of that of 1857, which did not direct that the Grand Jury should be empannelled upon the *first* day of each jury term.

The Act of 1858, making it the duty of the District Judges to proceed to the empannelling of the Grand Jury, is merely *directory,* and if any sufficient obstacle exists to prevent the empannelling on the first day, then it may be done on a subsequent day. The object of this Act is to have the Grand Jury empannelled, as soon as possible, so as to promote a speedy administration of justice. Sess. Acts, 1857, p. 179; 1858, p. 170.

2. That the foreman was not selected from the forty-eight jurors summoned, and there were sixteen jurors drawn and empannelled on the Grand Jury, in addition to the foreman.

The record shows that *James Monette*, one of the jurors summoned for the first week of court, was appointed foreman of the Grand Jury, whereupon the Sheriff then proceeded to draw from the regular panel of jurors sixteen persons, among whom the name of *James Monette* appears.

The Sheriff ought to have put only the names of forty-seven jurors in the box, omitting the name of the foreman, but as his name was drawn with the fifteen, and the record shows that the Grand Jury was composed of but sixteen jurors, no injury could be suffered by the accused.

3. The appellee contends that the offence charged is not indictable, because there is no statute providing a punishment for or forbidding the assault upon a slave by a free person, by willfully shooting at him.

The ninth section of the Act of 1855, declares : "That whoever shall assault another, by willfully shooting at him, or with intent to commit murder, rape, or robbery, shall, on conviction thereof, be imprisoned at hard labor, not exceeding two years." Sess. Acts, 1855, p. 131.

This section is found under an " Act relative to crimes and offences."

Slaves are treated in our law as property, and, also, as persons ; this section then applies to an assault upon a slave or upon a free person. *State* v. *Dick*, 4 An. 182 ; *The State* v. *Kitty*, 12 An. 805.

It is, therefore, ordered, adjudged and decreed, that the order of court quashing the indictment, be set aside and reversed ; and that the indictment be reinstated and restored to its full force and effect, and the case be remanded to be proceeded with according to law, and that appellee pay the costs of appeal ; those of the lower court to abide the final decision of this prosecution.